**WELLS FARGO BANK, N.A., as Trustee of the Trusts f/b/o Ellen Golman Created Under the Sam I. Golman Trust and the Trust f/b/o Ellen Golman Created Under the Louise Golman Trust, Respondent,**

v.

**Ellen D. GOLMAN and Dana C. Lane, Appellants,**

and

**Allison Burgess and Sally Kaplan, Respondents.**

**No. ED 104703**

Missouri Court of Appeals, Eastern District, **DIVISION THREE**.

Filed: April 11, 2017

■

John T. Shaw, Jonesburg, MO, for appellant.

Catherine A. Schroeder, Gary A. Growe, St. Louis, MO, for respondent.

Before Angela T. Quigless, P.J., Robert G. Dowd, Jr., J., Lisa S. Van Amburg, J.

**ORDER**

PER CURIAM.

Wells Fargo Bank, N.A., as Trustee of the Sam I. Golman Revocable Trust and the Louise Golman Revocable Trust (the "Golman Trusts" or "Trusts"), filed a declaratory judgment seeking a determination as to whether Dana Lane ("Dana"), the adopted adult daughter of Ellen Golman ("Ellen"), was a beneficiary under the terms of the Trusts. Sally Kaplan ("Sally") and Allison Burgess ("Allison") filed a counterclaim and crossclaim for declaratory judgment requesting a declaration that Dana had no legal rights as a beneficiary of the Golman Trusts. Following a bench trial, the trial court entered judgment in favor of Sally and Allison, finding that Dana was not a "descendant" as provided in the Trusts because she and Ellen did not "enjoy a legitimate parent-child relationship." The trial court also found that the adoption was a sham and instructed Wells Fargo to administer the Trusts as if Ellen had no descendants. Ellen and Dana appeal. We have reviewed the briefs of the parties and the record on appeal, and we find the trial court did not clearly err. An extended opinion would have no jurisprudential purpose. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the judgment pursuant to MO. R. CIV. P. 84.16(b) (2015).